In the Matter of Douglas I. Milan, an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, June 16, 1986

### APPEARANCES OF COUNSEL

*Gary L. Casella (Gary D. Egerman* of counsel), for petitioner.

*Albert J. Gaynor* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on October 23, 1974. In this proceeding to discipline the respondent for his conviction of a "serious crime", the petitioner moves to confirm the report of the Special Referee and the respondent submits an affidavit in response.

The Special Referee sustained the charges of misconduct against the respondent, finding that he had pleaded guilty to two Federal misdemeanor charges in the United States District Court for Connecticut, to wit, knowingly and willfully misapplying and causing to be misapplied moneys which were the subject of a grant and contract of assistance pursuant to the Comprehensive Employment Training Act, in violation of 18 USC §§ 2 and 665 (a) and willfully obstructing and impeding and willfully endeavoring to impede an investigation and inquiry by representatives of the Independent Monitoring Unit of the Stamford Area Comprehensive Employment Training Act Administration, by falsely stating that certain Stamford Area Comprehensive Employment Training Act Administration (hereinafter SACA) trainees did not engage in production, when the respondent knew that the said SACA trainees did engage in production, in violation of 18 USC § 665 (c). On June 19, 1984, the respondent was sentenced on each of two counts to one year imprisonment, the execution of which was suspended after six months, and he was placed on probation for a period of three years. The sentences on the two counts were to run concurrently. A further condition of the sentence was that the respondent make restitution of $15,000.

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the Special Referee. The respondent's conviction of "serious crime[s]" constitutes professional misconduct warranting the imposition of discipline. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to be imposed we are mindful of the mitigating circumstances advanced by the respondent at the hearing, his cooperation throughout the proceedings, and the fact that he was already punished in the criminal matter.

Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of one year nunc pro tunc as of February 25, 1985, the date when this court ordered respondent suspended pending the further order of this court.

MOLLEN, P. J., LAZER, MANGANO, GIBBONS and THOMPSON, JJ., concur.